# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JULIE A. KWIATKOWSKI,
Appellant,

DOCKET NUMBER
CH-0845-16-0075-I-1

v.

OFFICE OF PERSONNEL
  MANAGEMENT,
Agency.

DATE: July 7, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Julie A. Kwiatkowski</u>, Broadview Height, Ohio, pro se.

<u>Sarah Murray</u>, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for failure to prosecute. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant filed a Board appeal challenging the July 28, 2015 reconsideration decision by the Office of Personnel Management (OPM), which found that the appellant received an overpayment in retirement annuity benefits under the Federal Employees' Retirement System. Initial Appeal File (IAF), Tab 1. The appellant did not request a hearing. *Id.* at 1. On November 23, 2015, the administrative judge issued a Close of Record Order informing the parties that, because the appellant had not requested a hearing, the record would close on February 23, 2016, and that all evidence and argument must be filed prior to that date. IAF, Tab 3 at 1. The order further advised the parties that the administrative judge would conduct a telephonic status conference on January 6, 2016, and a telephonic close of record conference on February 2, 2016. *Id.* at 1-2.

¶3 The appellant did not appear for the January 6, 2016 status conference or contact the administrative judge regarding her unavailability beforehand. IAF, Tab 6 at 1. In a January 7, 2016 order, the administrative judge explained the nature of the appeal and instructed the appellant to complete and submit an

updated Financial Resources Questionnaire (FRQ). *Id.* The order also informed the appellant that her failure to appear for the scheduled close of record conference on February 2, 2016, or failure to notify the administrative judge in advance of her unavailability, might result in her appeal being dismissed for failure to prosecute. *Id.* at 2.

¶4 On February 2, 2016, the appellant failed to appear for the scheduled close of record conference and again did not notify the administrative judge of her unavailability. IAF, Tab 7 at 1-2. In a February 10, 2016 show cause order, the administrative judge informed the appellant that she had until February 20, 2016, to submit evidence and argument regarding why her appeal should not be dismissed for failure to prosecute. *Id.* at 2. The appellant did not respond. IAF, Tab 8, Initial Decision (ID) at 3.

¶5 On February 23, 2016, the administrative judge issued an initial decision dismissing the appeal for failure to prosecute the appeal in compliance with the Board's orders. ID. On March 10, 2016, the appellant submitted a motion to accept a late-filed petition for review and the completed FRQ to the regional office. Petition for Review (PFR) File, Tab 1 at 3-6. The regional office forwarded the pleading to the Clerk of the Board, and the Clerk docketed the filing as a timely petition for review. *Id.* at 1-2; PFR File, Tab 2. OPM responded in opposition to the appellant's petition for review. PFR File, Tab 4.

¶6 The sanction of dismissal with prejudice may be imposed if a party fails to prosecute or defend an appeal. *Leseman v. Department of the Army*, 122 M.S.P.R. 139, ¶ 6 (2015); 5 C.F.R. § 1201.43(b). Such a sanction should be imposed only when a party has failed to exercise basic due diligence in complying with Board orders or a party has exhibited negligence or bad faith in its efforts to comply. *Leseman*, 122 M.S.P.R. 139, ¶ 6. Repeated failure to respond to multiple Board orders can reflect a failure to exercise basic due diligence. *Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶ 9 (2011). Absent

an abuse of discretion, the Board will not reverse an administrative judge's determination regarding sanctions. *Leseman*, [122 M.S.P.R. 139](#), ¶ 6.

¶7        In *Leseman*, the appellant failed to appear for the scheduled status conference and prehearing conference, failed to submit a close of record submission, and failed to respond to the administrative judge's show cause order despite being warned that her failure to participate in the appeal could result in the dismissal of her appeal with prejudice. *Id.*, ¶ 7. The Board found that the appellant in *Leseman* failed to exercise due diligence in prosecuting her appeal because she failed to take any steps to pursue her appeal until she filed her petition for review, and the Board affirmed the administrative judge's decision to dismiss the appeal for failure to prosecute. *Id.*

¶8        Here, like the appellant in *Leseman*, the appellant failed to appear for two scheduled telephonic conferences, failed to submit a close of record submission, and failed to respond to the administrative judge's show cause order despite being warned that her failure to participate in the appeal could result in the dismissal of her appeal. *See id.*, ¶ 3; IAF, Tabs 3, 6-7; ID at 2-3. Moreover, the appellant failed to notify the administrative judge of her unavailability and failed to submit the requested FRQ until after the administrative judge issued the initial decision. ID at 2-3; PFR File, Tab 1 at 5-6. Because there is no evidence that the appellant took any steps to pursue her appeal until she filed her petition for review, and because she was warned that her failure to respond to the show cause order could result in the dismissal of her appeal for lack of prosecution, we find that the appellant failed to exercise due diligence in prosecuting her appeal.

¶9        On review, the appellant has not asserted any explanation for her failure to prosecute her appeal below. PFR File, Tab 1. Accordingly, we affirm the administrative judge's decision to dismiss the appeal for failure to prosecute.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.